Peyton Ralph **RECH**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 10127.

United States Court of Appeals
Tenth Circuit.

May 13, 1969.

Rehearing Denied June 20, 1969.

Fred W. Vondy, Denver, Colo. (Anthony L. Worth, Denver, Colo., was with him on the brief), for appellant.

Richard T. Spriggs, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty. for Dist. of Colorado, was with him on the brief), for appellee.

Before WARREN L. JONES,* BREITENSTEIN and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The defendant was charged in a three-count indictment with passing counterfeit $20 Federal Reserve Notes. The jury found him guilty on all counts and he appeals from the judgment of sentence.

Within a short period of time on the early afternoon of June 23, 1967, a man passed three counterfeit bills, each in a different store at a Denver shopping center. In every instance he made a small purchase and received change. The incidents were promptly reported to Secret Service agents.

The thrust of the appeal is that the defendant was prejudiced by pretrial identification of photographs in violation of the principles stated in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. The Court there said, 390 U.S. 377, 384, 88 S.Ct. 967, 971:

> " * * * we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

---

* Of the Fifth Circuit, sitting by designation.

Positive courtroom identification was made by six witnesses. Three of these, Cordova, Walker, and Lenoch, made positive pretrial identification by photograph. One, Jake, made a tentative pretrial identification by photograph. Two, Edmunson and Jones, had not seen photographs and had made no pretrial identification. The number of photographs shown to the various witnesses is uncertain. Their estimates ran from four or five to "hundreds." The manner of exhibition of the photographs is described in a memorandum signed by the attorneys for the parties and made in connection with a defense motion to produce. It is stated that a Secret Service agent

> "assembled and presented photographs in the usual and customary manner, consisting of approximately six photographs of male persons the approximate age and physical description of the Defendant in conformity to the estimated age and physical description furnished by witnesses. Reassembly of the specific spread is impossible."

The times of the displays of the photographs covered a period from a couple of days after the transactions to about two months thereafter. The displays took place in the Secret Service office, in the stores, and once in the home of a witness. No two witnesses viewed the pictures at the same time.

The first witness to make an identification was Cordova, a clerk in a Woolworth store. A Secret Service agent then prepared a criminal complaint which was filed with a United States Commissioner on July 14, 1967. The defendant was arrested on the next day at Council Bluffs, Iowa, and was then photographed. This picture was identified positively by Cordova, Walker, and Lenoch.

The criminal complaint was later dismissed. The order of dismissal bears the notation "Parole revocation proceedings instituted by Nebraska authorities." Defendant was in a Denver jail for an unstated period but no line-up was conducted. The indictment was returned October 26, 1967.

Of the clerks who received the bills, Cordova of Woolworths and Walker of Republic Drug made positive photograph identification, and Jake of Grants Store made a tentative identification. Two witnesses, Lenoch and Jones, testified that they saw the defendant in Woolworths make a small purchase and pay for it with a $20 bill, and that shortly thereafter they saw him make a small purchase at Republic Drug and pay for it with a $20 bill. Lenoch made a pretrial identification of a photograph. Jones was shown no photographs before the trial. Edmunson, a pharmacist at Republic, said that she pointed out an article desired by the defendant. She made a courtroom identification but had not seen photographs before trial. No agent made any improper suggestions to any of the witnesses in the display of the photographs.

■ The defendant complains of the use of the 1967 Council Bluffs picture for identification purposes. Prior to that picture the only identification had been by Cordova from a 1965 photograph. The argument is that it was wrong to make the arrest to obtain the picture. No attack is made on the criminal complaint which was issued on the basis of Cordova's identification. This is not a dragnet case like Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676. Here the detention was pursuant to a criminal complaint made on probable cause. There was no "testimonial compulsion upon or enforced communication by the accused." See Schmerber v. California, 384 U.S. 757, 765, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908.

■ The argument that the defendant was deprived of his constitutional right to counsel by the out-of-court identification of photographs in the absence of counsel is without merit. In McGee v. United States, 10 Cir., 402 F.2d 434, 436, we held that the line-up decision, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, did not apply to out-of-court identification of photographs.

The cross-examination of the witnesses who made the pretrial identifications was full and complete. It developed discrepancies in the description of the man who passed the bills but did not cause any witness to doubt the identification made. There is no evidence that a Secret Service agent suggested which pictures were of anyone under investigation. The testimony of Lenoch and Jones, who saw the defendant carry on similar transactions in two stores within a short period of time, is significant. We conclude that, in view of the entire record, there is little chance that the methods used were impermissibly suggestive and that there is not a substantial likelihood of irreparable misidentification. See Simmons v. United States, 390 U.S. 377, 384–385, 88 S.Ct. 967.

Affirmed.