[No. 38-40631-2.   Division Two.   December 9, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. CHESTER GRAYS, *Appellant.*

*Samuel J. Allotta,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel, Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PETRIE, J.—Defendant, Chester Grays, Jr., was found guilty by jury verdict of committing the crime of burglary in the second degree. From entry of the judgment and sentence based upon the jury's verdict, defendant appeals.

Defendant assigns two errors, both of which challenge the propriety of a prearrest photo identification procedure utilized by the investigating agency.

In the first instance, the defendant contends that the in-court identification testimony of an eyewitness should have been suppressed because it was tainted by a prior photographic identification procedure. Specifically, defendant contends that the police officer who displayed the photographs to the complaining witness, Mrs. Darlene Goulette, exerted influence upon her to identify the defendant as the culprit. In support of this contention, defendant claims that, due to prior confrontations with the police officer, a Detective Regan, it was obvious that Regan "was out to get him."

In *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct., 967 (1968), the Supreme Court, considering the photographic identification problem, declared at 384:

Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead,

we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside on that ground *only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.*

(Italics ours.)

For subsequent Washington decisions that have applied *Simmons, see State v. Standley,* 1 Wn. App. 148, 459 P.2d 808 (1969); *State v. Gefeller,* 76 Wn.2d 449, 458 P.2d 17 (1969); and *State v. Kearney,* 75 Wn.2d 168, 449 P.2d 400 (1969).

In the instant case, six photographs of black adult males, generally conforming to the description given, were shown to Mrs. Goulette 1 day after the burglary. The photographs were arranged in no particular order and after looking at two photographs, Mrs. Goulette identified the third one as being the person who had entered her home. This photograph was a picture of the defendant. Mrs. Goulette further stated that her in-court identification was based on her original encounter with the defendant and not from the photographs shown to her.

Nothing in the record before us suggests that the photographic identification procedure was "impermissibly suggestive." In fact, the evidence indicates the contrary is true. The in-court identification testimony, therefore, was properly received.

■ Secondly, the defendant contends that the identification testimony should have been suppressed because he was not represented by counsel at the photographic identification procedure. We know of no authority, statutory or constitutional, that requires the presence of an attorney for any potential defendant while his picture, with others, is being displayed to victims or witnesses to a crime. We are unwilling to impose any such requirement.

The judgment is affirmed.

ARMSTRONG, C. J., and PEARSON, J., concur.