**UNITED STATES of America,**
Appellee,

v.

**Willie Eddie EDWARDS, Appellant.**
No. 25180.

United States Court of Appeals,
Ninth Circuit.

Oct. 9, 1970.

L. G. Von Schottenstein, San Francisco, Cal., for appellant; Willie Eddie Edwards, in pro. per.

Dwayne Keyes, U. S. Atty., Richard V. Bougler, Asst. U. S. Atty., Fresno, Cal., for appellee.

Before HAMLEY and TRASK, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

Willie Eddie Edwards appeals from his conviction, after a jury trial, on all four counts of an indictment charging that, on November 30, 1968, he possessed, concealed, uttered and published counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472.

Edwards' only point on appeal is that he was denied his right to counsel when, subsequent to his arrest, but before indictment, his photograph was identified by a witness as the perpetrator of the crime, at which time he was not afforded the opportunity to have counsel present.

The two transactions which led to Edwards' conviction occurred between 7:30 and 8:30 p. m., November 30, 1968, at a market and a nearby liquor store in Cordoran, California. Five persons witnessed various phases of the two transactions and all identified Edwards at the trial. One had noted the license number of the automobile being used by the offender. By 9:00 p. m. that evening the police traced this car to Edwards and arrested him.

Later that evening one of the witnesses, Mrs. Paul Magana, went to the police station and initialed a photograph of Edwards which the police showed to her. On direct examination at the trial, Mrs. Magana first identified Edwards without reference to the photograph. The Assistant United States Attorney then asked her if she had initialed anything when she talked with Sergeant Brice later that evening. She replied that she had initialed a photograph "of the man." No objection was made to the question or answer. There was no other reference to the photograph during the trial.

Applying the test announced in Simmons v. United States, 390 U.S. 377, 383–384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), we hold that the circumstances of the photographic identification procedure were not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Nor did the described photographic identification procedure amount to a denial of Edwards' Sixth Amendment right to counsel. See United States v. Ballard, 423 F.2d 127, 130–131 (5th Cir.

* The Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

1970); United States v. Bennett, 409 F. 2d 888, 899–900 (2d Cir. 1969); United States v. Robinson, 406 F.2d 64 (7th Cir. 1969); McGee v. United States, 402 F. 2d 434 (10th Cir. 1968).

Affirmed.