**UNITED STATES of America ex rel. Cleveland REED, Petitioner,**

v.

**Raymond W. ANDERSON, Warden, Delaware Correctional Center, Respondent.**

**No. 140.**

United States District Court,
D. Delaware,
Wilmington.
July 9, 1971.

Stanley C. Lowicki of O'Donnell, Hughes & Lowicki, Wilmington, Del., for petitioner.

Francis A. Reardon, James Erisman and Daniel A. Durkin, Deputy Attys. Gen., Wilmington, Del., for respondent.

### OPINION and ORDER

LATCHUM, District Judge.

Cleveland Reed ("Reed"), a State prisoner, has petitioned this Court for a writ of habeas corpus pursuant to 28 U. S.C. § 2254. He was permitted to proceed *in forma pauperis*.

Reed and a co-defendant[1] were convicted by a jury in the Superior Court of the State of Delaware for armed robbery upon a Wilmington merchant. On May 23, 1969 Reed was sentenced to ten years imprisonment and placed in the custody of the respondent at the Delaware Correctional Center. His conviction was affirmed by the Delaware Supreme Court. Reed v. State of Delaware, 281 A.2d 142 (Del.Supr.1971).

█ This Court's jurisdiction is founded upon 28 U.S.C. § 2241. The requisite exhaustion of state remedies required by 28 U.S.C. § 2254 has been shown. Application to the United States Supreme Court for a writ of certiorari is no longer necessary for complete exhaustion of state remedies. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). It is only necessary for a state prisoner seeking Federal habeas corpus to show that he has unsuccessfully appealed his conviction through the state appellate process, wherein he raised and presented the same Federal issues which he raises in his application before this Court. In re Thompson's Petition, 301 F.2d 659 (C.A. 3, 1962).

The basis for Reed's complaint is that following his arrest, while he was in custody, the alleged robbery victim made an out-of-court identification of Reed from photographs, without the presence of Reed's counsel. At the trial the details of this out-of-court identification were presented by the State as part of its case and were admitted in evidence before the jury.

█ In his appeal to the Delaware Supreme Court Reed relied upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and contended that his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution were violated.[2] In *Wade* and *Gilbert* the United States Supreme Court held that an accused has a constitutional right to counsel at any post-indictment lineup where the accused is brought before witnesses for the purpose of identification.

The Delaware Supreme Court rejected Reed's constitutional arguments and affirmed his conviction. In so holding, the Delaware Supreme Court stated, in part, as follows:

"We decline to extend the *Wade* rule to the examination by the victim of photographs of the accused and an out-of-court identification therefrom in the absence of the accused, as in the instant case. Under the growing weight of authority, there is no constitutional right to counsel at a post-arrest showing of photographs at which the defendant is not present; it being held that such photographic identification proceeding is not such 'confrontation' or 'exhibition' of the accused vis a vis the witness as to come within the rule of *Wade* and the related cases of Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967 [18 L.Ed.2d 1199] (1967). See People v. Lawrence, 4 Cal.3d 273,

---

1. The co-defendant was Anthony Hawkins.

2. The Sixth Amendment right to counsel is applicable to state prosecutions by virtue of the Fourteenth Amendment's due process clause. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

93 Cal.Rptr. 204, 481 P.2d 212 (1971); People v. Martin, [47 Ill.2d 331, 265 N.E.2d 685, 688 (1970) ].[3]

"We recognize that in some jurisdictions, including our own Third Circuit Court of Appeals, it has been held that there is no substantial difference between a line-up of photographs of persons in custody and a line-up of the person themselves, insofar as the constitutional safeguards required by *Wade* are concerned; that, otherwise, the line-up requirements of *Wade* are subject to easy evasion. See United States v. Zeiler (3 Cir.) 427 F.2d 1305 (1970); Commonwealth v. Whiting, 439 Pa. 205, 266 A.2d 738 (1970); United States v. Marson (4 Cir.) 408 F.2d 644 (1968); Thompson v. Nevada, 85 Nev. 134, 451 P.2d 704 (1969). We prefer, however, the reasoning of the more recent decisions of the Supreme Courts of California and Illinois in *Lawrence* and *Martin, supra,* and of United States v. Ballard (5 Cir.) 423 F.2d 127 (1970); United States v. Robinson (7 Cir.) 406 F.2d 64 (1969); McGee v. United States (10 Cir.) 402 F.2d 434 (1968); and United States v. Bennett (2 Cir.) 409 F.2d 888, cert. den. 394 U.S. 908, 89 S.Ct. 1020 (1969). * * *

* * *

We agree with the rationale of the latter line of cases and conclude that a photographic identification proceeding, unattended by the defendant, is not such 'confrontation' or 'exhibition' as to come within the rule of the *Wade* case. In *Wade, Gilbert,* and *Stovall,* the police exhibited the accused to witnesses in person. At such corporeal exhibitions, the accused may be required to move about, speak, wear certain clothes, or do other things that may incriminate him. Not so at a photographic identification proceeding unattended by the accused. The rule of the *Wade* case, in our opinion, does not encompass identifications made in the absence of the

accused. We decline to extend it that far.

"We recognize, of course, that the possibility of unfairness exists in photographic identifications as well as in corporeal identifications. However, as was stated in [Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1055 (1968)], 'the danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error.' For this purpose, it is important that the photographs from which the witness made the out-of-court identification be preserved and made available to defense counsel at trial so that the possibility of prejudice may be revealed and the out-of-court identification may be impugned. People v. Lawrence, 4 Cal.3d 273, 93 Cal.Rptr. 204, 481 P.2d 212 (1971).

"Accordingly, we hold that Reed's Sixth Amendment rights were not violated by the absence of counsel at the out-of-court identification." Reed v. State of Delaware, supra, 281 A.2d at 146. See also Denney v. State of Delaware, 277 A.2d 682 (Del.Supr.1971).

■ Reed advances the same constitutional claims here that he made in the Delaware Supreme Court. This federal trial court finds itself in the uncoveted and anomalous position of being compelled to respectfully disagree as a matter of law with the Delaware Supreme Court's holding, in light of the undisputed findings made by the latter court. When a controlling legal precedent has been announced by the Court of Appeals for the Third Circuit, this Court, unlike the Delaware Supreme Court, is not free to pick and choose the applicable law from competing decisions of other state or federal appellate courts. This Court is duty bound to follow legal precedent set by the Third Circuit Court of Appeals unless there is a clear and overrid-

3. See also People v. Holiday, 47 Ill.2d 300, 265 N.E.2d 634, 637 (1970).

ing United States Supreme Court decision to the contrary. In re Wilmington Speedway, 167 F.Supp. 630, 633 (D.Del. 1958); 1B Moore's Federal Practice (2d ed. 1965) ¶ 0.402[1], pp. 61–62.

■ The Delaware Supreme Court found in this case (1) that the robbery victim made an out-of-court identification of Reed from photographs exhibited by the police to the victim at a time after Reed had been arrested and was in custody [4] without Reed or his counsel being present,[5] and (2) that "the details of the out-of-court identification were presented in evidence by the State" and considered by the jury.[6] This Court must, under 28 U.S.C. § 2254(d), accept these factual findings as correct.[7]

■ In considering Reed's constitutional claims this Court is bound by the decision of the United States Court of Appeals for the Third Circuit in United States v. Zeiler, 427 F.2d 1305 (C.A. 3, 1970). The Zeiler case, supra, 427 F.2d at 1307, expressly held that an accused has a Sixth Amendment right to have counsel present at any photographic identification conducted after he is in custody. In this respect the Court of Appeals found that the considerations which led the United States Supreme Court in Wade and Gilbert to guarantee an accused the right to counsel at lineups applied equally to photographic identifications conducted after a defendant was in custody.[8] Accordingly the Court of Appeals said, "We hold that the rule of the Wade case applies to pre-trial

photographic identifications of an accused who is in custody." 427 F.2d at 1307.

The Court of Appeals further held that it was constitutional error, requiring reversal of the convictions there in question, for the prosecution to place the improper identifications before the jury as part of the prosecution's case. The Court of Appeals said:

"We come now to the issue whether Zeiler's motions for new trials, on the ground that identification testimony was wrongfully admitted, were properly denied. Zeiler first contends that testimony that the witnesses had made pretrial photographic identifications of the accused was erroneously placed before the jury as part of the prosecution's case. *The record shows that,* with one exception, *each eyewitness at both trials did testify on direct examination to having previously identified Zeiler during the pretrial exhibition of photographs. This evidentiary use of the improper photographic identification obtained after the arrest of the accused and in the absence of his counsel was constitutional error.* Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. 'Only a *per se* exclusionary rule as to such testimony can be an effective sanction to assure that law enforcement authorities will respect the accused's constitutional right to the presence of his counsel at the critical lineup.' Id. at 273, 87 S.Ct. at 1957. We already

4. The identification was made about a week after Reed had been arrested.

5. Reed v. State of Delaware, supra, 281 A.2d at 144.

6. Reed v. State of Delaware, supra, 281 A.2d at 147.

7. At a conference on July 6, 1971, counsel for both parties conceded that these findings were correct.

8. *Cf.* Cox v. Florida, 219 So.2d 762, 765 (Fla.App.1969); People v. Rowell, 14 Mich.App. 190, 165 N.W.2d 423, 426 (1968) (concurring opinion of Levin, J.); United States v. Marson, 408 F.2d 644,

651–655 (C.A. 4, 1968) (concurring and dissenting opinion of Winter, J.), cert. den. 393 U.S. 1056, 89 S.Ct. 695, 21 L.Ed. 2d 698 (1969), reh. den. 393 U.S. 1124, 89 S.Ct. 996, 22 L.Ed.2d 132 (1969); United States v. Collins, 416 F.2d 696, 700–701 (C.A. 4, 1969) (dissenting opinion of Winter, J.), cert. den. 396 U.S. 1025, 90 S.Ct. 601, 24 L.Ed.2d 519 (1970). *Zeiler* effectively overruled the previous Third Circuit case of United States v. Conway, 415 F.2d 158, 162–163 (C.A. 3, 1969), cert. den. 397 U.S. 994, 90 S.Ct. 1131, 25 L.Ed.2d 401 (1970), without mentioning this earlier case.

have pointed out that the need and reason for counsel at a photographic identification after arrest is even greater than in the case of a lineup.

"This error in itself requires reversal of both convictions." (Emphasis added) 427 F.2d at 1307.

The factual situation in the *Zeiler* case and this case are practically indistinguishable. In both cases a pre-trial photographic identification was made by an eyewitness after the accused was in custody at a time when he and his counsel were not present and the prosecution in both cases presented the details of the out-of-court identification to the jury. Accordingly, following the precedent set by the *Zeiler* decision, this Court must conclude that Reed's constitutional rights were violated and the writ requested must be issued.

In so holding, this Court is not unmindful of the fact that decisions of the United States Court of Appeals for the Second,[9] Fifth,[10] Seventh,[11] Ninth,[12] and Tenth[13] circuits as well as decisions of the Supreme Courts of California,[14] Mississippi,[15] Wisconsin,[16] and Illinois[17] and the Court of Appeals of Washington State[18] are contrary to the *Zeiler* decision.[19] Nevertheless this Court is bound to apply the *Zeiler* rule to this case.

■ However, in view of the rather one-sided split of authority, this Court finds there is a strong probability of an appeal. Accordingly, the petitioner's discharge from detention will by stayed for a reasonable time to give the State of Delaware an opportunity to file an appeal and to enable the State to take any corrective action it may desire.

9. United States v. Bennett, 409 F.2d 888, 898–900 (C.A. 2, 1969), cert. den. sub nom. Haywood v. United States, 396 U.S. 852, 90 S.Ct. 113, 24 L.Ed.2d 101 (1969), reh. den. 396 U.S. 949, 90 S.Ct. 376, 24 L.Ed.2d 256 (1969) ; United States v. Roth, 430 F.2d 1137, 1140 (C.A. 2, 1970), cert. den. 400 U.S. 1021, 91 S.Ct. 583, 27 L.Ed.2d 633 (1971).

10. United States v. Ballard, 423 F.2d 127, 130–131 (C.A. 5, 1970) ; United States v. Ervin, 436 F.2d 1331, 1334 (C.A. 5, 1971).

11. United States v. Robinson, 406 F.2d 64, 67 (C.A. 7, 1969), cert. den. 395 U.S. 926, 89 S.Ct. 1783, 23 L.Ed.2d 243 (1969).

12. Allen v. Rhay, 431 F.2d 1160, 1166–1167 (C.A. 9, 1970) ; United States v. Edwards, 433 F.2d 357, 358 (C.A. 9, 1970) ; United States v. Roustio, 435 F.2d 923, 924 (C.A. 9, 1970) ; United States v. Williams, 436 F.2d 1166, 1169 (C.A. 9, 1970) ; United States v. Fowler, 439 F.2d 133, 134 (C.A. 9, 1971).

13. McGee v. United States, 402 F.2d 434, 436 (C.A. 10, 1968), cert. den. 394 U.S. 908, 89 S.Ct. 1020, 22 L.Ed.2d 220 (1969) ; Rech v. United States, 410 F.2d 1131, 1132 (C.A. 10, 1969), cert. den. 396 U.S. 970, 90 S.Ct. 457, 24 L.Ed.2d 438 (1969) ; United States v. Von Roeder, 435 F.2d 1004, 1010 (C.A. 10, 1970).

14. People v. Lawrence, 4 Cal.3d 273, 93 Cal.Rptr. 204, 481 P.2d 212 (1971).

15. Stevenson v. Mississippi, 244 So.2d 30 (Miss.1971).

16. Kain v. Wisconsin, 48 Wisc.2d 212, 179 N.W.2d 777, 782 (1970) ; Dozie v. Wisconsin, 49 Wisc.2d 209, 181 N.W.2d 369, 372–373 (1970).

17. People v. Martin, 47 Ill.2d 331, 265 N.E.2d 685, 688 (1970) ; People v. Holiday, 47 Ill.2d 300, 265 N.E.2d 634, 637 (1970).

18. Washington v. Searcy, Wash.App., 484 P.2d 417, 419–420 (1971).

19. Note also, Williams v. Maryland, 11 Md.App. 607, 275 A.2d 522, 526 (1971) ; *but cf.* Jones v. Maryland, 10 Md.App. 420, 270 A.2d 827, 829 (1970).