[No. 320-2.    Division Two.    December 31, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID L. NETTLES, *Appellant*.

*Durwood E. Self* (of *Girolami, Skidmore & Self*), for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney, Eugene G. Olson, Chief Criminal Deputy,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

ARMSTRONG, J.—Defendant, David L. Nettles, appeals from a judgment based upon a jury conviction of two counts of robbery. The jury was unable to reach a verdict with reference to his co-defendant, Michael Turner. Nettles received a suspended sentence.

The issues upon appeal focus upon the constitutional validity of certain pretrial identification procedures and whether they were so prejudicial in nature as to taint the defendant's conviction.

There was substantial evidence that the robberies occurred in the early morning hours of May 2, 1970. The victims, Brown, King, and Malone, all servicemen stationed at Fort Lewis, were waiting to catch a bus back to the base after spending an evening in downtown Tacoma, when they were approached by defendant Nettles and co-defendant, Turner. One of the defendants flagged a passing car driven

by two girls who had been in the company of the defendants earlier in the night. All of the parties, including the victims, got into the car and proceeded to one of the girl's homes for the purpose of having a party. It was at this house that Brown and King were beaten and robbed. An attempt was made to rob Malone, but it proved unsuccessful.

Defendant Nettles assigns error to the court's failure to dismiss, contending that certain pretrial, extrajudicial identification procedures constituted a denial of due process and were so prejudicial in nature as to taint his conviction.

Initially, defendant points to the fact that while in custody two of the witnesses were shown photographs of the defendants by the police for the purpose of aiding the police in identifying the accused. Defendant contends that the showing of these pictures to the witnesses renders their in-court identification of the defendant inadmissible on the grounds that the proceedings had reached an accusatorial stage at the time the photographs were shown, and consequently defendant was entitled to counsel.

In essence, defendant asks us to extend the right to counsel at a lineup, which the Supreme Court held to exist in *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967) and *Gilbert v. California*, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967) to an out-of-court identification by the use of photographs after the defendant has been arrested and is in custody.

In *State v. Searcy*, 4 Wn. App. 860, 484 P.2d 417 (1971), Division Three of the Court of Appeals considered the identical question and held that the showing of photographs to a witness or victim of a crime is not a "critical stage" of a criminal proceeding requiring presence of counsel under the sixth amendment to the United States Constitution, even if the defendant has been arrested and charged with the crime.

In *Searcy* our court was expressing the majority rule of the federal courts of appeal. *United States v. Williams*, 436 F.2d 1166 (9th Cir. 1970); *Allen v. Rhay*, 431 F.2d 1160 (9th

Cir. 1970); *United States v. Bennett,* 409 F.2d 888 (2d Cir. 1969); *McGee v. United States,* 402 F.2d 434 (10th Cir. 1968), *cert. denied,* 394 U.S. 908, 22 L. Ed. 2d 220, 89 S. Ct. 1020 (1969); *United States v. Robinson,* 406 F.2d 64 (7th Cir. 1969); *United States v. Ballard,* 423 F.2d 127 (5th Cir. 1970); *Rech v. United States,* 410 F.2d 1131 (10th Cir. 1969). The minority rule is expressed in *United States v. Zeiler,* 427 F.2d 1305 (3d Cir. 1970).

Following the majority rule, we adhere to the holding in *Searcy* that the right to counsel does not extend to out-of-court photographic identification, regardless of the fact that defendant may be in custody and under arrest at the time.

■ Defendant next contends that the use of photographs in the instant case violated his right to due process under the fifth and fourteenth amendments to the United States Constitution. In resolving this contention, we recognize at the outset those cases from our own jurisdiction which set forth the elements of an *ideal* identification technique and indicate that photographic identification *should* only be used if the defendant is not available for actual viewing in a properly conducted lineup. *State v. Ferguson,* 3 Wn. App. 898, 479 P.2d 114 (1970); *State v. Lane,* 4 Wn. App. 745, 484 P.2d 432 (1971). While agreeing with these views, we wish, however, to clarify that those decisions in no way contradict our ruling on the question of right to counsel nor in any way invalidate the use of pretrial photographic identification procedures.

The validity of the identification procedure is a question of fact for the jury's determination and appellate courts may reverse a determination of the identification issue adverse to the defendant only where the facts establish that the photographic identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968); *State v. Ferguson, supra.*

Considering the totality of the evidence in this case, we cannot find that the photographic identification procedure

was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

We next address ourselves to the fact that a courtroom identification procedure had been arranged, but prior to the time it was to take place the victims inadvertently entered the courtroom and witnessed the defendants entering pleas to amended charges brought by the state. Also, on the second day of trial one of the witnesses saw the defendants in the courthouse corridors while they were being escorted by police and wearing handcuffs. Zefra Studamire, a witness for the state, who was under arrest for the same charge as defendant, identified the defendant in the city jail under circumstances making identification difficult. Defendant contends that these extrajudicial and pretrial incidents so undermined the reliability of his in-court identification as to constitute a denial of due process. He argues that they were so suggestive in nature that it was inevitable that the state's witnesses would identify the accused whether or not he was, in fact, the man involved in the robbery.

██ In evaluating defendant's claims "in light of the totality of surrounding circumstances" (*Simmons v. United States, supra*), they must be rejected. The incidents were not "so unnecessarily suggestive and conducive to irreparable mistaken identification that [defendant] was denied due process of law." *Stovall v. Denno,* 388 U.S. 293, 302, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967). The fact that Zefra Studamire initially identified the defendant in the city jail under less than ideal circumstances, does not in our minds detract from her subsequent identification of the defendant in the courtroom. It should also be noted that the mere fact that an identification witness voices some reservation in identification does not render identification legally insufficient. *United States v. Williams, supra.* The record indicates that Zefra Studamire had ample opportunity to observe the defendant before the crime took place. She and her girl friend were in the company of defendant and his co-defendant before they picked up the defendants and the victims at the bus stop. She testified that together they

talked generally about robbing someone and later they divided the loot. She was out to get a hamburger with one of the intended victims when the crime took place upon the other two victims, but she had an opportunity to observe defendant on several occasions that night. Her reservations concerning the defendant's identity reflect the fact that at the time of the robbery the defendant had sideburns, a goatee, and a small mustache, while Nettles, at trial, had shaved and was without sideburns and beardless. In spite of the fact that she was an accomplice in the planning of the crime, the jury could have found that such reservations were compatible with a candid and conscientious approach toward her duty as a witness in a serious felony charge. Her ultimate conclusion was that David Nettles was the "David" she was with the night of the robbery.

Viewing the record in light of the totality of the surrounding circumstances, we think the aforementioned extrajudicial and pretrial incidents did not violate the rights of the accused nor appreciably aid in his identification. On the contrary, the record reveals substantial evidence to show that the witnesses were able to identify the accused independent of these extrajudicial incidents.

The court also held that the rights of the petitioner were not violated by his having been seen in the courthouse corridor in handcuffs by identification witnesses immediately prior to their testimony at trial. In so holding, the court correctly stated that the question of where prospective witnesses should be seated or held prior to their testimony in court rests in the sound discretion of the trial court. No abuse of that discretion was shown.

■ Finally, the defendant contends the court erred in denying defendant's exception to a proposed precautionary instruction on identification. We find no merit in this contention. While each party is entitled to have his theory of the case set forth in the court's instructions, it is axiomatic that the trial court has considerable discretion in how the instructions will be worded. Also, the test of the sufficiency of instructions given on the theory of the case has been

held to be whether, from the instructions given, counsel may satisfactorily argue his theory of the case to the jury. *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968). Applying these rules to the instant case, we think the instructions given adequately apprised the jury and in no way prevented defendant from presenting his theory of the case.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied February 17, 1972.

Review granted by Supreme Court April 24, 1972.