[No. 42323.     En Banc.     September 7, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID L. NETTLES, *Petitioner*.

*Girolami, Skidmore & Self* and *Durward E. Self,* for petitioner.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

FINLEY, J.—Defendant (appellant) appeals from a judgment upon a jury conviction of two counts of robbery, challenging the constitutional validity of certain pretrial identification procedures.

The robberies for which defendant was charged occurred in the early morning hours of May 2, 1970. The victims, Brown, King, and Malone, all servicemen stationed at Fort Lewis, were waiting to catch a bus back to the base after spending an evening in downtown Tacoma, when they were approached by defendant Nettles and codefendant Turner. One of the defendants halted a passing car driven by two girls who had been in the company of the defendants earlier in the night. Everyone, including the victims, got into the car and proceeded to one of the girls' homes for the purpose of having a party. It was at this house that Brown

and King were beaten and robbed. An attempt was made to rob Malone, but it proved unsuccessful.

Defendant was arrested on May 7, 1970, and the trial of defendant and codefendant Turner began on June 22, 1970. The jury was unable to reach a verdict as to Turner, but defendant Nettles was convicted of two counts of robbery. The Court of Appeals affirmed the convictions. *State v. Nettles*, 6 Wn. App. 257, 492 P.2d 567 (1971). We granted appellant's petition for review, for the purpose of resolving an alleged conflict between the decision of the Court of Appeals in *Nettles* and the decisions of that court in *State v. Ferguson*, 3 Wn. App. 898, 479 P.2d 114 (1970), and *State v. Lane*, 4 Wn. App. 745, 484 P.2d 432 (1971), and clarifying the constitutional requisites of photographic identification procedures.

The circumstances of the photographic identifications in the instant case are as follows: Approximately 2 weeks before trial, *while defendants Nettles and Turner were in custody*, the victim Brown was shown four photographs at the Tacoma police station. Two of these were of men and two of women. One of the two photographs of men was of defendant Nettles; the other was of defendant Turner. Appellant Nettles contends that the victim's identification of the defendant from these photographs was constitutionally invalid and rendered the victim's subsequent in-court identification of defendant similarly invalid. We do not agree.

█ In the first place, we are convinced that the showing of photographs to a witness or victim of a crime is not a "critical stage" of a criminal proceeding requiring the presence of counsel under the sixth amendment to the United States Constitution, even if the defendant has been arrested and charged with the crime. *State v. Searcy*, 4 Wn. App. 860, 484 P.2d 417 (1971); *United States v. Williams*, 436 F.2d 1166 (9th Cir. 1970); *United States v. Bennett*, 409 F. 2d 888 (2d Cir. 1969); *McGee v. United States*, 402 F.2d 434 (10th Cir. 1968); *cert. denied*, 394 U.S. 908, 22 L. Ed. 2d 220, 89 S. Ct. 1020 (1969); *United States v. Robinson*, 406 F.2d 64 (7th Cir. 1969); *United States v. Ballard*, 423 F.2d

127 (5th Cir. 1970); *Rech v. United States,* 410 F.2d 1131 (10th Cir. 1969).

The rationale behind the rule set forth in the above cited cases is that photographic identification involves no actual confrontation of the accused himself, at which the presence of counsel might be required to protect the rights of the accused against infringement by those confronting him. And even if a photographic identification procedure is regarded as a species of "confrontation in absentia," the exhibited photographs provide admissible and readily visible evidence with which defense counsel can support an intrial argument that the photographic "confrontation" was impermissibly suggestive and violative of due process under the rule of *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968). In *United States v. Clark,* 289 F. Supp. 610, 621 (E.D. Pa. 1968), the court said:

> While it is true that photographic displays, such as the one challenged here, do present somewhat greater opportunities for prejudice than do the other types of pre-trial investigatory stages which the Supreme Court in *Wade* and *Gilbert* distinguished from confrontations, the dangers inherent in these procedures have been recognized by the Court which has developed a body of precedent which requires the suppression a[t] trial of any identification testimony produced by ". . . unnecessarily suggestive . . ." pre-trial procedures such as photographic displays. . . . Moreover, it is likely that if any form of prejudice taints this type of procedure it is prejudice which arises from the nature and/or type of photographs displayed. By using these photographs in his cross-examination of government witnesses, defense counsel easily can reveal such prejudice and thereby impugn the related identification testimony.

If the alleged prejudice arises, as it presumably does in the instant case, from the small number or limited sampling of photographs shown to the witness, this fact can also be brought out at trial. The presence of counsel at such an *identification procedure would not provide significant* additional protection of the defendant's rights.

We therefore follow the decision of the Court of Appeals,

and the majority rule of the federal courts of appeal, in holding that the right to counsel does not extend to out-of-court photographic identification, regardless of the fact that defendant may be in custody and under arrest at the time.

Appellant next contends that the photographic identification procedures in the instant case were violative of the United States Constitution by serving to deprive defendant of his liberty without due process of law. We do not agree.

■ The test for determining whether an identification procedure violates due process is set forth in *Simmons v. United States, supra* at 384:

> [E]ach case must be considered on its own facts, and . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

We agree with the Court of Appeals that the photographic identification procedure in the instant case was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The acquaintance of the victims with the defendant was not of the "fleeting glimpse" variety characteristic of the typical armed robbery; on the contrary, they spent some time together in a car and attended a party together. At no time did defendant make any effort to disguise himself. Furthermore, the photographic identification was not a tentative recognition but a positive identification by an individual who had spent a considerable amount of time in the company of defendant.

■ We cannot commend the identification procedure which was used in this case. Where a defendant is in custody and available for a lineup, a lineup identification procedure would usually be a more effective, less questionable law enforcement technique, and should be used, following the requirements or standards prescribed in *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926

(1967), and *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967). Where a lineup is impracticable, photographic identification should be conducted with the maximum degree of impartiality, under the standards set forth in *State v. Lane, supra.* The witness should be shown the pictures of a number of possible suspects. The pictures of those suspects upon whom police suspicion has alighted at the time should not be particularly distinguishable from the other photographs shown to the witnesses; nor should any words or actions on the part of the police indicate the "favored" suspect.

In any event, we are constrained to hold that for the reasons given, the identification procedure in the instant case was not violative of due process under the rule of *Simmons* and does not justify our usurping the normal jury function of determining the validity of an identification procedure. The jury in the instant case determined that the defendant was sufficiently identified as the perpetrator of the charged robbery. The circumstances of that identification do not persuade us to overturn the jury's determination.

We have considered appellant's other assignments of error and have concluded that they are without merit and are correctly disposed of by the opinion of the Court of Appeals. The decision of that court, and of the trial court, is accordingly affirmed.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, and WRIGHT, JJ., concur.

UTTER, J. (dissenting)—I dissent from that portion of the majority opinion which concludes that the photographic identification procedure in this case was not violative of due process under the rule of *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968).

In *Simmons,* photographic identification was allowed where the perpetrators of the crime were still at large and it was essential for FBI agents to swiftly determine whether they were on the right track. The court, in *Sim-*

*mons,* noted the suggestive nature of pretrial identification from photographs, stating, at page 383:

> Even if the police . . . follow the most correct photographic identification procedures and show him the pictures of a number of individuals without indicating whom they suspect, there is some danger that the witness may make an incorrect identification. This danger will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw . . .

As noted in the majority opinion, the test to determine whether due process has been violated is whether the identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

The procedure used by the police, as testified to by Brown, gave him no one to choose from who was not already a suspect identified as such by the police. The four photographs he was shown were of two males and two females, all suspects, and each with differing physical characteristics. This brings the case, I believe, squarely within the photographic identification process condemned by *Simmons* and subsequent cases. *Kimbrough v. Cox,* 444 F.2d 8 (4th Cir. 1971); *United States v. Fowler,* 439 F.2d 133 (9th Cir. 1971); *Mason v. United States,* 414 F.2d 1176 (D.C. Cir. 1969).

There were no exigent circumstances in this case as existed in the *Simmons* case, and no urgent need for immediate action prevented the investigating officer from taking the trouble to bring several similar photographs with him. *Mason v. United States, supra.* Even if the police investigator did not expressly say so, it was obvious from Brown's testimony that those photographs shown him were of the only suspects in the case.

I am unable to determine from the record whether Brown's identification at trial was based upon evidence independent of the suggestive photographic process. At the close of the defendant's motion to dismiss, based upon a

suggestion that in-court identification of the defendant was polluted by impermissibly suggestive law enforcement efforts, the trial court ruled:

The motion that you made, Mr. Self, for dismissal also will be denied. I might point out to you the fact you had these people on cross-examination, and in no wise was there ever any testimony that they were not able to identify them in court, nor was there any testimony that the fact that they may have inadvertently been in the courtroom, that had any effect whatsoever on their identification of either one of the two defendants.

This ruling does not address itself directly to the question of whether Brown was able to make an independent identification of the defendant. Brown's identification of the defendant may be allowed if the trial judge can find that Brown, by drawing on his memory of the events of the crime and his observations of the defendant, retained such a definite image of the defendant that he is now able in court to make an identification of the defendant without dependence upon or assistance from the tainted pretrial confrontation, and unaffected by any promptings or suggestions which there took place. *United States v. Wade,* 388 U.S. 218, 241, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967).

Whether Brown was able to make such an independent identification cannot be determined from the record before us and I would remand this case to the trial court for a factual hearing on this question. If the trial court determines Brown's identification was able to be made from independent sources, the conviction should be affirmed. If not, the conviction should be reversed and the case remanded for a new trial.

STAFFORD, J., concurs with UTTER, J.

Petition for rehearing denied October 26, 1972.