[No. 42301.    En Banc.    September 7, 1972.]

THE STATE OF WASHINGTON, *Respondent,* v. FLOYD
CANTRELL, *Petitioner.*

*Oldfield & Manger* and *Thomas H. Oldfield,* for petitioner.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

FINLEY, J.—Defendant (appellant) appeals from a judgment based upon a jury conviction of robbery, challenging the constitutional validity of certain pretrial identification procedures.

Defendant was charged with and convicted of robbery in Pierce County Superior Court. The filing of the information against him and the subsequent conviction of robbery were to a considerable extent based upon a photographic identification of him by his victim. The victim, Gordon Martin,

was robbed on November 3, 1970, in a Tacoma apartment. Some time after Mr. Martin reported the robbery to the police, he was contacted by a detective, told that two men were being held at the time, and was shown several photographs of possible suspects, from which he selected a photograph of defendant Cantrell. The record reveals some uncertainty as to the exact circumstances of this identification. The victim testified at trial that he was shown a dozen or so photographs, and that they were laid out in a row on a table. The detective testified that he handed the victim five photographs, and that he handed them to him in a bundle. The victim testified that there was no hesitation in selecting the picture. The detective testified that the victim studied the photographs a little while, or for a few minutes, before selecting any photographs.

At trial, defendant's motion to suppress these photographs and any identification arising from them was denied. The defendant appealed. The Court of Appeals affirmed his conviction in an unpublished opinion. *State v. Cantrell*, 6 Wn. App. 1004 (1971). We granted defendant's petition for review for the purpose of resolving an asserted conflict between the decision of the Court of Appeals in this case, and the decisions of that court in *State v. Ferguson*, 3 Wn. App. 898, 479 P.2d 114 (1970), and *State v. Lane*, 4 Wn. App. 745, 484 P.2d 432 (1971), and to clarify the law of this state concerning the constitutional requisites of photographic identification procedures.

■■ In *State v. Nettles*, 81 Wn.2d 205, 500 P.2d 752 (1972), we concluded that a photographic identification procedure was not a critical stage of the criminal process and therefore did not raise right to counsel issues under the sixth amendment to the United States Constitution. We also held that the validity and reliability of the identification procedure is a question of fact for the jury's determination and will be reversed on appeal only where the facts establish that "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification,"

*Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968), and that the identification procedures set forth in *State v. Ferguson, supra,* and *State v. Lane, supra* were ideal procedures, not constitutionally mandated ones.

We have examined the record of the instant case in light of our holdings in *Nettles* and have concluded that we agree with the Court of Appeals that identification procedures used in the instant case were *not impermissibly suggestive* and were not violative of due process. While the testimony leaves some doubt as to the exact circumstances of the identification, it is clear that the victim was shown several photographs, from which he chose the photograph of the defendant. There is no indication of *impermissible suggestiveness* in the identification procedure which would justify taking away from the jury its power to determine the reliability of the identification evidence. The decision of the Court of Appeals and of the trial court is affirmed.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, WRIGHT, and UTTER, JJ., concur.