828

[No. 2121-2.    Division Two.    January 28, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT BUTTS, *Appellant*.

*William G. Knudsen, Deputy Public Defender,* for appellant.

*John C. Merkel, Prosecuting Attorney,* and *Richard B. Jones, Deputy,* for respondent.

PEARSON, J.—Defendant, Robert Butts, appeals his conviction of aiding and abetting an armed robbery of a grocery store in Bremerton, Washington. The robbery, perpetrated by two men, one Caucasian and one Black, occurred June 4, 1975.

The sole assignment of error related to the trial court's refusal to suppress an out-of-court photographic identification of defendant and the later in-court identification of defendant, both of which were made by the victim.

The out-of-court photographic identification was made some 5 days before the original trial date. The prosecutor's office arranged to have two police officers meet with the victim, Mr. Donald Gould. At the meeting, Gould was given six photographs of black male adults of approximate size and physical characteristics of defendant. He was not informed

that defendant's picture was included, but apparently believed that to be the case.

After going through this series several times, defendant's picture was selected and Gould stated his belief that that was one of the men involved in the robbery. After the identification, Gould testified that he inquired about the accuracy of his identification. One of the policemen responded with a remark that his "memory's pretty good." This statement was denied by the police officers. Defense counsel was not present at this identification procedure. At trial Gould again identified defendant as a participant in the robbery.

We find no reversible error in the procedure. We first note that the photographic identification was not suggestive. The photographs were of black male adults closely resembling defendant. They were not arranged in a suggestive fashion, nor did the officers attempt to influence the victim's selection.

On previous occasions we have stated our belief that a corporeal lineup is preferable to photographic identification where defendant is in custody. *See, e.g., State v. Ferguson,* 3 Wn. App. 898, 479 P.2d 114 (1970). But we have also noted that ideal identification techniques are not constitutionally required. *State v. Nettles,* 6 Wn. App. 257, 492 P.2d 567 (1971), *aff'd,* 81 Wn.2d 205, 500 P.2d 752 (1972).

Here as in *Ferguson* and *Nettles, supra,* the photographic identification was not so impermissibly suggestive as to constitute "substantial likelihood of irreparable misidentification." *See Simmons v. United States,* 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968). Nor did the words spoken by the policeman after the identification taint either the out-of-court nor the in-court identification.[1] The statement allegedly made by the officer came after the photographic identification was made. The in-court identification was based upon the victim's original encounter with defendant. Thus it had a source apart from the alleged

---

[1] *See, e.g., State v. Clark,* 2 Wn. App. 45, 467 P.2d 369 (1970).

830

improper suggestion. *State v. Forsyth*, 13 Wn. App. 133, 533 P.2d 847 (1975).

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.