[No. 8103-9-I. Division One. December 1, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ERIC
GARTH SCHULTZ, *Appellant.*

*Lewis H. Nomura* of *Seattle–King County Public De-
fender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marc A. Bo-
man, Deputy,* for respondent.

WILLIAMS, J.—Eric Garth Schultz was charged and con-
victed of two counts of first degree robbery with special

verdicts that he was armed with a deadly weapon as to both counts. His appeal concerns the court's denial of his motion to suppress evidence of eyewitness identification relevant to count one at trial. Schultz contends that the motion should have been granted because a pretrial photographic identification procedure was impermissibly suggestive and because the police should have used the lineup method, Schultz then being in custody.

The trial court found that the photograph montage used for pretrial identification was not impermissibly suggestive and the record supports that finding. See photo montage on following page.

■ The use of the photo montage for identification purposes when Schultz was in custody presents a more difficult problem. For some years, the appellate courts of this state have cautioned against use of the photo montage identification technique when a lineup identification procedure was available. *State v. Hilliard,* 89 Wn.2d 430, 573 P.2d 22 (1977); *State v. Thorkelson,* 25 Wn. App. 615, 611 P.2d 1278 (1980); *State v. Nettles,* 6 Wn. App. 257, 492 P.2d 567 (1971), *aff'd on appeal,* 81 Wn.2d 205, 500 P.2d 752 (1972); *State v. Lane,* 4 Wn. App. 745, 484 P.2d 432 (1971); *State v. Ferguson,* 3 Wn. App. 898, 479 P.2d 114 (1970).

In *State v. Nettles,* 81 Wn.2d at 209–10, the Supreme Court said:

> We cannot commend the [photographic] identification procedure which was used in this case. Where a defendant is in custody and available for a lineup, a lineup identification procedure would usually be a more effective, less questionable law enforcement technique, and should be used, following the requirements or standards prescribed in *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967), and *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967).

The Supreme Court has not decided whether the lineup procedure *must* be used in the absence of extenuating circumstances if the defendant is in custody. *State v. Hilliard, supra.*

A panel of this division in *State v. Thorkelson, supra,* decided that use of pretrial photo montage identification while the defendant was in custody was reversible error. In that case, the key witness had only a fleeting glimpse of the person he later identified from a number of photographs. This is not a "fleeting glimpse" case.

The delicatessen owner who identified Schultz in the photo montage and who was the victim of the robbery had a sustained look at the robber whom he identified as Schultz. Schultz had come into the small crowded delicatessen and at first he refused service. While the other customers were being helped, Schultz lingered, occasionally asking the owner the price of an item. After the customers had been taken care of and left, Schultz questioned the need for identification to purchase beer, then pulled a gun and demanded money.

As with the courts, the police should strive for the ideal. But to be reversible error, the police conduct

> must be considered on its own facts, and . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

*State v. Hilliard, supra* at 438, quoting *Simmons v. United States,* 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968).

The judgment is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied January 15, 1981.

Review denied by Supreme Court April 8, 1981.