### MORRIS *v.* STATE.

Opinion delivered October 4, 1920.

1. CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE.—Newly discovered evidence which goes only to impeach the credibility of a witness is not ground for a new trial.

2. CRIMINAL LAW—BURDEN OF PROOF IN GENERAL.—The defense of an alibi forms no exception to the general rule that the burden to establish guilt never shifts from the State.

3. CRIMINAL LAW—BURDEN OF PROOF AS TO ALIBI.—To maintain the defense of an alibi, the burden is on the defendant to establish it by such facts and circumstances as will, with the other evidence in the case, create in the minds of the jury a reasonable doubt of his guilt.

4. CRIMINAL LAW—INSTRUCTION ON ALIBI.—In a prosecution for robbery, the court gave an instruction that one of the defenses interposed is what is known as an alibi, and that "here the burden shifts, * * * but that [burden] is discharged if the proof raises a reasonable doubt in your mind that he was not at the place at the time the crime was committed." *Held* no error.

5. CRIMINAL LAW—INSTRUCTION ON ALIBI.—An instruction upon the defense of an alibi, as follows: "It is sufficient if the evidence upon that point [referring to the alibi] raises a reasonable doubt that he [defendant] was present at the time of the commission of the crime," *held* not prejudicial to defendant, though it would have been better to have said, "When the jury have considered all the evidence, as well that touching the alibi as the criminating evidence introduced by the State, then if they have a reasonable doubt of the guilt of the defendant, they should acquit."

Appeal from Pulaski Circuit Court, First Division; *John W. Wade*, Judge; affirmed.

*Gulley & Ashton,* for appellant.

1. The court erred in giving the instruction of its own motion to the jury. The burden of proof never shifts from the State even on the plea or defense of alibi. 6 L. R. A. (N. S.) 125; 27 Am. Rep. 329, 683; 27 A. L. R. 689; 55 Ark. 248; Wharton, Cr. Ev. (10 ed.), 751; 57 N. W. 751; 31 Ill. 385; 83 Am. Dec. 231; 71 Ark. 459. An instruction which deprives defendant of his presumption of innocence. 87 Conn. 573, 49 L. R. A. (N. S.) 913; 45 Fla. 83; 110 Am. St. 65; 54 S. E. 196; 126 N. W. 196; 110 Miss. 521; 51 Pac. 1033; 175 S. W. 1073; 136 C. C. A. 623; 146 Pa. 596; 88 N. W. 212. Where an instruction tells the jury that, after the prosecution has established a *prima facie* case, the burden shifts to defendant to prove a certain defense, it is error. 156 U. S. 432; 81 S. E. 797; 34 L. R. A. (N. S.) 295. The burden in this State does not shift to defendant. 55 Ark. 248; 59 *Id.* 379; 69 *Id.* 177; 110 *Id.* 15. Defendant does not have to raise a reasonable doubt on his alibi. 8 R. C. L. 224. If look-

ing to all the evidence the jury entertain a reasonable doubt of prisoner's presence or participation in the crime they should acquit.   8 R. C. L. 224-5; 100 Ala. 144; 88 Neb. 565; 210 Mo. 202; 26 Am. Rep. 174; 70 Am. Dec. 229; 37 N. E. 244; 110 Ark. 15.   It is error to charge, in effect, that defendant must make out his defense beyond a reasonable doubt.   80 S. E. 513; 115 N. W. 289; 37 S. W. 194; 125 Id. 906; 101 Id. 245; 113 Pac. 320; 72 Id. 627.   Alibi is not an affirmative defense.   Wharton, Cr. Ev. (10 ed.), 674; 24 S. W. 449; 118 Mo. 153; 24 Cal. 61; 48 Pac. 541; 17 S. W. 252.   This instruction is not the law.   110 Ark. 15 and cases cited.

2.   Defendant was convicted upon the testimony of T. R. Gentry, whose testimony, as affidavits show, was untrue and he erred and abused its discretion in refusing a new trial.   Defendant was *surprised* by his testimony, and, being notoriously false, a new trial should have been granted.   173 S. W. 405; 69 Ark. 545; 86 Id. 481. The testimony of C. C. Baker, an old man with failing eyesight, as to the identity of defendant is entitled to but little credit.   On the whole, the testimony is insufficient to prove guilt, and a new trial should be granted.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1.   There was no error in the instruction as to the defense of alibi to the effect that the burden shifts, and that it is an affirmative defense, but the court qualified the statement by a further instruction which took it out of the rule in 110 Ark. 15; *Joiner* v. *State,* 113 Ark. 112; 59 Ark. 379; 102 Id. 627; 135 Id. 247.

2.   Appellant can not complain that the evidence of Gentry took him by surprise, for he did not object to his evidence at the time it was introduced nor ask for a continuance at the proper time.   26 Ark. 496; 100 Ark. 9. The new trial for newly discovered evidence was properly refused as the proposed testimony was merely offered to impeach a witness, Gentry, whose testimony was not properly objected to.   72 Ark. 404; 114 Id. 472.

HART, J.   Dan Morris prosecutes this appeal to re-
verse a judgment of conviction against him for the crime
of robbery.   The evidence is sufficient to support the ver-
dict.

The indictment charges Dan Morris to have robbed
C. C. Baker in the city of Little Rock, in Pulaski County,
Arkansas, in March, 1920.   C. C. Baker was the prose-
cuting witness.   According to his testimony he resided
in the city of Little Rock, Pulaski County, Arkansas, at
the time the robbery occurred.   He had come in from
Shreveport, Louisiana, on the night of the 26th of March,
1920, and arrived in Little Rock on the night of the 27th
inst. at the Union Station.   He started to walk home be-
tween 3 and 4 o'clock in the morning.   On his way there
he was stopped by a couple of negroes and robbed.   One
of them stuck a pistol in his face and the other one
grabbed him and went through his pockets, taking there-
from the sum of $118 in money.   Dan Morris was the
one who went through his pockets and took the money
from him.   Baker positively identified Morris as the
one who took the money from his pockets and said that
he looked at him all the time the robbery was being com-
mitted.

The defense of Dan Morris was an alibi, and he in-
troduced a number of witnesses who testified that he was
in another part of the city at the time Baker says he was
robbed.

T. R. Gentry was in the court room during the trial
and remembered that he had seen an account of the rob-
bery in the paper the next morning after it occurred.
This brought to his mind that he had seen the defendant
on the streets of Little Rock on the night of the robbery
at an hour, when, according to the defendant and his wit-
nesses, he was in a house in another portion of the city.

Counsel for the defendant insist that the court erred
in not granting him a new trial for newly discovered evi-
dence.   The witness, Gentry, had testified that he had been
to church on the night the robbery occurred and had seen
Baker on the streets on his way home between 11:30 and

12 o'clock p. m. In support of his motion he offered the affidavits of several persons who swore that they were at the church on the occasion testified to by the witness Gentry, and that it was a different night to that testified to by him.

It has often been held by this court that as a general rule newly discovered evidence that goes only to impeach the credibility of a witness is no ground for a new trial. *Jones* v. *State,* 72 Ark. 404, and cases cited, and *Dewein* v. *State,* 114 Ark. 472.

The newly discovered evidence in the case at bar is no exception to the general rule. The main witness for the State was the person who had been robbed. Gentry was introduced by the State to corroborate his testimony, and the newly discovered evidence only went to impeach the testimony of Gentry.

It is next insisted that the court erred in instructing the jury as follows:

"One of the defenses interposed by the defendant is what is known as an alibi; that is, that the defendant was at another place at the time of the commission of the alleged offense. Here the burden of proof shifts. And the burden of proof is on the defendant to show that he was in another place when the alleged crime was committed, but that is discharged if the proof raises a reasonable doubt in your mind that he was not at the place at the time the crime was committed, but was in some other place. The defendant is not required to prove this defense beyond a reasonable doubt to entitle him to an acquittal; it is sufficient if the evidence upon that point raises a reasonable doubt that he was present at the time of the commission of the crime.

"The defense is an affirmative one. If, however, from the evidence in the whole case there is in the minds of the jurors a reasonable doubt as to whether or not the defendant was at the place at the time the offense was committed, then there would be a reasonable doubt of his guilt for the reason that he could not be guilty if he was not there."

Counsel made a specific objection to this language: "Here the burden of proof shifts."

It is first insisted that the judgment should be reversed because the court refused to eliminate the language just quoted from the instruction when the defendant specifically objected to it. We can not agree with counsel in this contention. It is true that the defense of an alibi forms no exception to the general rule that if a reasonable doubt of guilt arises from the whole testimony the defendant is entitled to its benefit, and that the burden of proof to establish the guilt of the accused never shifts from the State.

It is evident, from the connection in which the term "burden of proof" is used in this instruction of the court in the case at bar, that it does not imply that the defendant must prove his defense by a preponderance of the evidence, but only that, after the State has made out its case and established the guilt of the defendant beyond a reasonable doubt, it devolves upon the defendant to introduce evidence to prove his alibi, if he relies upon such a defense. In short, in order to maintain his defense of an alibi, the burden is on him to establish it by such facts and circumstances as will, with all the other evidence in the case, create in the minds of the jury a reasonable doubt of his guilt. We do not think any intelligent jury could have understood the charge of the court in any other sense, when it is considered as a whole.

Again it is contended that the instruction is erroneous in using the following language: "It is sufficient if the evidence upon that point (referring to the alibi) raises a reasonable doubt that he was present at the time of the commission of the crime." We do not think the court should have used this language, but under the circumstances it was not prejudicial to the defendant. A better expression of the law would be, when the jury have considered all the evidence, as well that touching the question of the alibi, as the criminating evidence introduced by the State, then, if they have a reasonable doubt of the guilt of the defendant, they should acquit.

In the case at bar the court, in effect, told the jury that if the evidence introduced by the defendant on the question of alibi was sufficient to raise a reasonable doubt, the jury should acquit. In the same connection the court further told the jury, under the theory that the State must prove the defendant's guilt, that the State's evidence and the alibi should be considered by the jury in connection with the rest of the evidence as a part of the whole from which they were to determine whether the guilt of the defendant was established beyond a reasonable doubt. *Joiner* v. *State,* 113 Ark. 112, and *Hawthorne* v. *State,* 135 Ark. 247.

Therefore, the court did not err in giving the instruction. We find no reversible error in the record, and the judgment will be affirmed.