[No. 70-40570-1. Division One. December 31, 1969.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. ISAAC LEE PAM,
*Appellant.*

*Philip L. Burton,* for appellant (appointed counsel for
appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Robert A. Wacker, Deputy,* for respondent.

UTTER, J.—The defendant was found guilty by a jury of the crime of robbery. He appeals and assigns as error the determination of the court that he knowingly and intelligently waived his right to counsel at a lineup, and to the court's refusal to submit this factual issue to the jury. Error is also assigned to the giving of an instruction on alibi and to the refusal of the court to grant a new trial on the grounds of newly discovered evidence.

Isaac Pam allegedly took a purse from an elderly woman in an area close to his home. The victim was unable to positively identify the defendant. However, he was identified by two witnesses, an 11-year-old boy who testified he saw the defendant at the scene, and an adult who stated he chased the defendant a few blocks from the scene.

The defendant was arrested the day after the crime, and a police lineup was conducted the following morning. The state's testimony established the defendant had been presented with a waiver form which advised him he had a right to an attorney present during any lineup, that evidence obtained in a lineup may be used against him, and that if he could not afford an attorney, he was entitled to have one appointed for him and present at any lineup. Pam signed his name under this enumeration of his rights and also signed his name on the same page under a statement indicating he had read, understood and waived his rights. This signed waiver was admitted for purpose of the pretrial hearing. Testimony indicated Pam could read and had almost completed high school.

Pam did not deny reading or signing the waiver statement but testified the officer who talked to him promised he would obtain an attorney to represent him at the lineup. This was denied by the officer. Pam and his witnesses indicate the police officers knew Pam wanted an attorney, knew the name of the attorney and that the attorney was out of town at the time. Friends of Pam testified they

requested the detectives not to question him or have him participate in a lineup until he was represented by an attorney. This testimony was not admitted by the prosecution but was not denied. A police officer was standing in the doorway of the interrogation room for the purpose of verifying the conversation but was not called as a witness by the state.

The validity of the waiver of Pam's rights to counsel must be tested by the standards set out in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966) and *State v. Davis*, 73 Wn.2d 271, 438 P.2d 185 (1968).

■ Where the waiver occurs in the station house, the trial court's findings must be supported by more than "substantial evidence" and proof must be by clear and positive testimony. No presumptions are available to aid the prosecution in its attempt to prove a valid waiver of the right to counsel. A firmer guarantee that constitutional rights have been observed will normally be necessary than can be provided by a mere "swearing contest" between the accused and one interrogating police officer. *State v. Davis, supra.*

In *Davis* the court held the prosecution had not met the burden of proving the validity of the waiver as required in *Miranda* and noted the following factors:

(1) the admission was made while the defendant was in police custody within the confines of the police station; (2) presumably the police had both the opportunity and the means readily available to establish substantial corroborating evidence; (3) the only evidence presented by the prosecution consisted of the testimony of one interrogating officer; (4) the officer's testimony was neither corroborated by other testimony nor supported by other independent evidence; (5) the officer's testimony was completely contradicted by the defendant; and (6) a second officer, who was the only other person present during the interrogation, was not called as a corroborating witness by the prosecution nor was his absence explained, and in the instant case this last element may be deemed determinative.

The presence of an officer who could have offered corroborative testimony but was not called is a similar factor to

those commented on in *Davis*. On the other hand, there is a signed waiver of the right to an attorney and a signed statement of Pam that he understood his rights as independent corroborative evidence in this case. We believe these factors sufficiently distinguish this case from the facts in *Davis* and remove this from the "swearing contest" condemned in *Davis*. Although the testimony of the additional officer would have been of assistance to the reviewing court, there is sufficient independent corroborative evidence for us to find the trial court had clear and positive testimony presented to it on the issue of waiver.

■ Pam next contends the court erred in refusing to submit to the jury the question of whether appellant waived his right to an attorney at lineup. No authority is cited to sustain this proposition. Where no authorities are cited in support of a proposition, the court will ordinarily not consider such assignments unless it is apparent without further research they are well taken. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 372 P.2d 193 (1962). Questions of admissibility of evidence are for the court, not the jury. *State v. Elder*, 70 Wn.2d 414, 419, 423 P.2d 533 (1967); *State v. Reed*, 56 Wn.2d 668, 354 P.2d 935 (1960); 9 J. Wigmore, Evidence § 2550 (3d ed. 1940).

Pam assigns error to the action of the court in giving an alibi instruction alleging he did not produce evidence to warrant giving the instruction, and that the text of the instruction erroneously shifted the burden of proof.

The theory of an alibi is that the fact of presence elsewhere is essentially inconsistent with the presence at the place and time alleged and therefore with personal participation in the act. It has sometimes been stated that for an alibi to be admissible it must absolutely preclude the presence at the alleged time and place of the act. Such expressions are too broad, however, and should refer only to the weight of the alibi argument. See 1 J. Wigmore, Evidence § 136 (3d ed. 1940) and cases cited therein.

The testimony of three of Pam's witnesses could have reasonably been interpreted by the jury to be an attempt to

place him in their company and not at the scene of the crime at the time it was committed. There was adequate testimony to warrant giving an alibi instruction.

■ The denial of the presumption of innocence to an accused and the shifting of the burden of persuasion to the defendant to disprove essential elements of a crime are constitutional violations under the due process clause. *Stump v. Bennett*, 398 F.2d 111 (8th Cir. 1968).

The Iowa cases of *Johnson v. Bennett*, 414 F.2d 50 (8th Cir. 1969) and *Stump v. Bennett, supra*, at 115, hold unconstitutional an alibi instruction which stated in part as follows:

> "* * * before you can acquit the defendant by reason of this defense [alibi] you must find that he has established it by a preponderance or greater weight of the evidence bearing upon it."

Iowa, by this instruction, required a defendant to assume the burden of persuasion by a preponderance of the evidence in establishing an alibi.

The instruction which allegedly shifted the burden of proof given by the trial court reads:

> A defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time the crime was committed, if committed at all.
>
> When the State makes out such a case as would sustain a verdict of guilty and the defendant offers evidence, the burden is upon such defendant to make out his defense as to an alibi, but it is not incumbent upon him to prove an alibi beyond a reasonable doubt. When the proof is all in, both that given by the State and for the defendant, then the primary question is, the whole of the evidence being considered, whether such defendant is guilty beyond a reasonable doubt. The law is that if you have a reasonable doubt of the guilt of the accused, after having considered all the evidence, you should acquit; but if, after considering all the evidence, you do not have a reasonable doubt of the guilt of the accused, you should convict.

728

The state's instruction does three things. It first says when the state has presented evidence that could sustain a verdict of guilty and the defendant offers evidence, the burden is upon the defendant to make out his defense as to alibi. This phrase does not place the burden of persuasion upon the defendant relating to his alibi defense. It requires him to come forward with evidence as to the alibi itself. Secondly, the instruction then cautions the jury the defendant need not prove an alibi beyond a reasonable doubt. Thirdly, it then reaffirms the duty of the jury, after considering all the evidence, to determine whether the defendant is guilty beyond a reasonable doubt.

Instructions requiring the defendant to present sufficient evidence of an alibi to establish in the minds of the jury the reasonable doubt of his guilt are approved in six states. *Stump v. Bennett, supra,* at 114 n.3.[1] These states require the defendant to present sufficient evidence of the alibi to establish in the minds of the jurors a reasonable doubt of his guilt but do not shift the burden of persuasion of an alibi defense to the defendant. The challenged instruction in this case also requires the defendant to present sufficient evidence of an alibi to establish a reasonable doubt of his guilt in the minds of the jurors but does not require the defendant to assume the burden of persuasion of the alibi defense. The *Johnson* and *Stump* cases are therefore distinguishable.

Pam's fourth assignment of error alleges the court abused its discretion by refusing to grant a new trial on the grounds of newly discovered evidence. In order to grant a new trial on these grounds, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the

[1] "3. The states are Idaho, State v. Vanek, 59 Idaho 514, 84 P.2d 567 (1938); West Virginia, State v. Withrow, 142 W.Va. 522, 96 S.E.2d 913 (1957); Arkansas, Sangston v. State, 172 Ark. 1177, 289 S.W.2d 478 (1927) and Morris v. State, 145 Ark. 241, 224 S.W. 724 (1920); Montana, State v. Wilson, 76 Mont. 384, 247 P. 158 (1926); California, In re Corey, 230 Cal.App.2d 813, 41 Cal.Rptr. 379, 388 (1964); and Texas, Anderson v. State, 147 Tex. Cr.R. 410, 181 S.W.2d 78 (1944) (dictum)."

trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative for impeaching. *State v. Mesaros,* 62 Wn.2d 579, 384 P.2d 372 (1963).

An examination of the record indicates Pam failed to establish a proposed new witness could not have been produced at the trial with exercise of due diligence. Although deputies were unable to serve a subpoena on him during the course of the trial, testimony indicated Pam knew where the new witness lived and had been to his home prior to the trial on several occasions. In addition, the testimony of the new witness is cumulative. Inasmuch as the same testimony was given by another witness, it is difficult to say it would probably change the result of the trial.

Granting or denying of a motion for a new trial based on newly discovered evidence is within the discretion of the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion has been shown. *State v. Franks,* 74 Wn.2d 413, 445 P.2d 200 (1968). For the reasons heretofore given we cannot say there has been an abuse of discretion shown.

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and STAFFORD, J., concur.

Petition for rehearing denied March 11, 1970.