4 Wn. App. 856 (1971)
484 P.2d 415
THE STATE OF WASHINGTON, Respondent,
v.
FRANK JAMES WASHINGTON, Appellant.
No. 112-41243-3.
The Court of Appeals of Washington, Division Three.
April 26, 1971.
Jack E. Tanner, for appellant.
C.J. Rabideau, Prosecuting Attorney, for respondent.
EVANS, J.
Defendant Washington was charged with the crimes of robbery, first-degree assault and grand larceny. By separate information, Lonnie Ray Searcy was charged with the same offenses and the two cases were consolidated for trial by jury. Both were convicted of the offenses charged and appeal separately. See State v. Searcy, 4 Wn. *857 App. 860, 484 P.2d 417 (1971). The primary issue on the appeal of defendant Washington is whether the arresting officers had probable cause to make a warrantless arrest.
At approximately 1:50 a.m. March 21, 1969 a young man entered the Lucky Dollar store in Pasco, Washington, selected a few grocery items and took them to the check-out stand. As Mr. Peterson, the manager, began to ring up the sale the young man pointed a revolver at him and demanded cash. Mr. Peterson turned away and the robber shot him, took $294 from the register and left the store. While these events were taking place either Mr. Peterson or his assailant triggered an alarm which rang in the Pasco City Police Department. When the alarm sounded three cars were immediately dispatched to the Lucky Dollar store from the police station, a distance of two city blocks. The police cars arrived at the Lucky Dollar within 1 to 2 minutes after the alarm sounded. Another car on patrol at the time arrived at the scene within 2 minutes after receiving a radio call.
Four college-age youths were across the street from the Lucky Dollar store when the robbery occurred. Two of them saw a young male Negro leave the store and disappear into the alley directly behind the store. One of the witnesses waved Officer Cupples of the Pasco Police Department toward the area where the Negro had disappeared. Cupples drove into the alley and when he did so his headlights were directed upon a 2-tone green car parked in the alley with the motor running. When the headlight beams revealed the parked car it was driven away at a high rate of speed. Officer Cupples gave chase for several blocks until the car being pursued came to rest against a telephone pole. Officer Davis, who had been going in the opposite direction at the time, was also close to the area where the car came to rest. Two young Negro male occupants of the 2-tone green vehicle jumped out of the car and ran up an alleyway. Both officers Cupples and Davis described the driver of the car as 5 feet 10 or 11 inches, weighing approximately 175 pounds. He was dressed in dark green baggy *858 pants and a tight-fitting white T-shirt. Officer Davis recognized the driver as defendant Washington, whom he had seen before although he did not know him by name at the time. The two men ran up the alleyway and hid from the investigating officers. In the meantime Deputy Sheriff Davison arrived at the scene where the car had been abandoned and learned from the police officers that a robbery had just taken place at the Lucky Dollar store and they were searching for two suspects. Davison, who was then off duty, drove to the sheriff's department, obtained an official car and returned to the area where the search was taking place. Almost immediately upon his return he observed the defendant Washington walking across the street, coming from the direction where the car had been abandoned. He engaged the defendant in a conversation but did not place him under arrest. During this conversation police officers Kasparek and Davis saw defendant talking to Deputy Sheriff Davison. Officer Davis recognized defendant Washington as one of the men who had run from the abandoned automobile, Officer Kasparek noted the defendant fit the exact description which he had previously obtained from other officers at the scene of the abandoned automobile, and officers Kasparek and Davis immediately arrested the defendant.
The defendant contends the warrantless arrest was without probable cause and therefore unlawful and that all evidence obtained as the result of the arrest should have been suppressed.
[1] In State v. Massey, 68 Wn.2d 88, 89, 411 P.2d 422 (1966) the court established that an arresting officer may make a warrantless arrest under the following circumstances:
An officer who effects an arrest without a warrant is governed by general rules stated variously as follows: (1) An officer has cause for an arrest if he has reasonable grounds for suspicion, together with evidence of circumstances to warrant a cautious man in believing the accused to be guilty. State v. Hughlett, 124 Wash. 366, 214 Pac. 841 (1923). (2) An officer has probable cause to *859 arrest without a warrant if he has knowledge which would convince a cautious but disinterested person that the accused is guilty of a felonious offense. State v. Darst, 65 Wn.2d 808, 399 P.2d 618 (1965); State v. Smith, 56 Wn.2d 368, 353 P.2d 155 (1960); Beck v. Ohio, 379 U.S. 89, 13 L.Ed.2d 142, 85 Sup. Ct. 223 (1964); Wong Sun v. United States, 371 U.S. 471, 9 L.Ed.2d 441, 83 Sup. Ct. 407 (1963). (3) An officer is not required to have knowledge of evidence sufficient to establish the guilt of the accused beyond a reasonable doubt. Draper v. United States, 358 U.S. 307, 3 L.Ed.2d 327, 79 Sup. Ct. 329 (1959).
At the time of defendant's arrest the following information was in the possession of the arresting officers: (1) a robbery and assault had taken place at the Lucky Dollar store; (2) within minutes of the crime Officer Cupples began pursuit of suspects initially seen at the rear of the store where the crime was committed; (3) the suspects drove at a high rate of speed to escape capture; (4) the defendant was seen in the area where the suspects had jumped and run from the abandoned car; (5) the arresting officers recognized the defendant as fitting the exact description of one of the occupants of that car. All facts considered, the conclusion is inescapable that the arresting officers had probable cause to arrest the defendant.
[2] Defendant next assigns error to the refusal of the trial court to grant his motion for a continuance. In reviewing the record we find no merit to this contention. The granting or denying of a motion for a continuance rests within the sound discretion of the trial court. State v. Miles, 77 Wn.2d 593, 464 P.2d 723 (1970). We find no abuse of that discretion by the trial court.
Judgment affirmed.
MUNSON, C.J., and GREEN, J., concur.