[No. 765-1.    Division One—Panel 2.    July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES THEDOREL RAMSEY, *Appellant*.

*John C. Stephenson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Stuart A. Cohen, Deputy,* for respondent.

SWANSON, J.—James Thedorel Ramsey appeals from a felony conviction for the possession of the narcotic drug opium alkaloids, in violation of RCW 69.33.230.[1]

---

[1]RCW 69.33.230 states: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer,

Late in the afternoon on Sunday, May 10, 1970, two King County Sheriff's officers on patrol near Burien, Washington, observed four young men, including Ramsey, standing near the sales office at the back of a used car lot which was closed for the day. The officers made an identification check and conducted a "pat down" search for possible weapons. When Officer Hambly shined his flashlight into Ramsey's eyes they did not contract. Upon request, Ramsey rolled up his sleeves exposing fresh needle marks on both arms. When it was mentioned that a fifth member of their group was in a white station wagon parked at the front of the lot, Officer Bailey investigated and found him asleep on the back seat. Although the defendant and each of his companions claimed that the shaving kit was closed when they left the car, Officer Bailey testified that when he looked through the car window he saw an opened brown shaving kit containing needles, syringes, and cotton, along with a number of small caliber pistol cartridges. When the group was confronted with the shaving kit, Ramsey admitted it was his. Another "pat down" search was conducted. Officer Bailey returned to the station wagon to make a more thorough search which produced an empty pistol holster. Officer Vandelac arrived on the scene, and from the information related by the other officers and from his own observations, he testified that he felt Ramsey and his four companions might be in possession of narcotics and might be armed. Thus, after the officers "frisked" them again, Officer Vandelac told them to empty their pockets. Ramsey handed a plastic vial containing opium to Vandelac, remarking, "You might as well take this now. You will find it anyway."

The trial court, after a pretrial hearing, allowed the introduction into evidence of the vial of opium and Ramsey's statement, but suppressed all the evidence found in the station wagon because, with the exception of the syringe, it had all been lost by the Department of Public Safety.

dispense, or compound any narcotic drug, except as authorized in this chapter."

Appellant asserts it was error for the trial court to deny his motion to suppress the admission into evidence of the vial of opium. He argues that the extensive search of his person violated his Fourth Amendment right to be free from unreasonable searches, in that the police officers had no probable cause to make an arrest at the time of the search. In making this assertion, appellant relies on the order excluding all the evidence—shaving kit containing drug paraphernalia and pistol cartridges—found in the station wagon, for without this evidence, he says, the officers lacked probable cause for an arrest. The trial court anticipated appellant's argument when it ruled on his motion to suppress:

But you will recall when they approached Mr. Ramsey he had a strange look in his eyes. He was acting in a rather giddy, nonchalant manner. He was volunteering statements not in answer to any questions. He had no smell of alcohol on him so the officers concluded that he was not under the influence of liquor. He was under the influence of drugs.

If that is a fact, and on that ground with all the other circumstances of their presence there, I would be constrained to suppress the matter of what was found in the car and admit into evidence the vial that was taken from this defendant.

Now counsel is going to claim, most likely, if the man happens to be convicted and he appeals this case that he wouldn't have searched this man the second time except they were looking for a gun. I don't think, piecing all the circumstances together, that that is the fact. They were looking for narcotics as one of the officers said, from the presence of the defendant and the marks on his arm.

After this expression of opinion by the court, appellant's counsel zealously continued his argument to the trial court, as he does to us, that

The officers wouldn't have made this later search if they hadn't made the first search of the automobile. . . . It would seem to follow then that the Court would have to suppress the plastic vial.

The trial court responded to this argument and further explained his ruling by stating:

No, I put that on a different basis because they smelled the odor of narcotics on him; they saw it in his eyes; they saw the marks on his arms and that had nothing to do with the search in the automobile.

■ Because of the important constitutional rights involved and despite the trial court's clearly articulated findings in ruling on the admissibility of the vial of opium, we must conduct an independent review of the evidence. *State v. Hoffman,* 64 Wn.2d 445, 451, 392 P.2d 237 (1964); approved in *Morgan v. Rhay,* 78 Wn.2d 116, 120, 470 P.2d 180 (1970).

■■ We have done so and find ample evidence to support the trial court's conclusion that the officers had probable cause to believe that Ramsey was committing a felony by possessing a narcotic drug, in violation of RCW 69.33.230, which justified the warrantless arrest. As we pointed out in *State v. Washington,* 4 Wn. App. 856, 858, 484 P.2d 415 (1971):

In *State v. Massey,* 68 Wn.2d 88, 89, 411 P.2d 422 (1966) the court established that an arresting officer may make a warrantless arrest under the following circumstances:

An officer who effects an arrest without a warrant is governed by general rules stated variously as follows: (1) An officer has cause for an arrest if he has reasonable grounds for suspicion, together with evidence of circumstances to warrant a cautious man in believing the accused to be guilty. *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841 (1923). (2) An officer has probable cause to arrest without a warrant if he has knowledge which would convince a cautious but disinterested person that the accused is guilty of a felonious offense. *State v. Darst,* 65 Wn.2d 808, 399 P.2d 618 (1965); *State v. Smith,* 56 Wn.2d 368, 353 P.2d 155 (1960); *Beck v. Ohio,* 379 U. S. 89, 13 L. Ed. 2d 142, 85 Sup. Ct. 223 (1964); *Wong Sun v. United States,* 371 U. S. 471, 9 L. Ed. 2d 441, 83 Sup. Ct. 407 (1963). (3) An officer is not required to have knowledge of evidence sufficient to establish the guilt of the accused beyond a reason-

able doubt. *Draper v. United States,* 358 U. S. 307, 3 L. Ed. 2d 327, 79 Sup. Ct. 329 (1959).

See also *State v. Mannhalt,* 1 Wn. App. 598, 462 P.2d 970 (1969). The most persuasive facts to us that the officers had probable cause to believe that Ramsey was in possession of a narcotic drug are his appearance of being under the influence at the time, and the presence of fresh needle tracks on both arms with fresh blood near the surface. This latter fact suggests that Ramsey was a current user of narcotic drugs which are injected into the body, a felony, as opposed to dangerous drugs (barbiturates or marijuana) which are usually swallowed or inhaled, a misdemeanor. Having determined that the arrest was proper, a reasonable search is permissible for evidence of the crime for which the arrest is being made. *State v. Stringer,* 4 Wn. App. 485, 481 P.2d 910 (1971), and *Snohomish v. Swoboda,* 1 Wn. App. 292, 461 P.2d 546 (1969). No contention is made that the search of the appellant's person was unreasonable. In fact, when the officer asked Ramsey to empty his pockets, he reached inside his coat and produced the vial of opium.

Appellant also argues that the failure of the state to produce the articles seized from the station wagon deprived him of due process. We cannot agree. The articles removed from the vehicle were suppressed, and the appellant has failed to suggest how the production of such items would in any way assist him in his defense. Furthermore, it was appellant who sought to suppress such evidence. He received what he asked for, and cannot now complain.

■ Appellant's second assignment of error is to the trial court's findings that the appellant's statements were voluntary and admissible. Appellant has failed to argue this assignment of error in his brief and has cited no authority in support of his contention. Nor does it appear meritorious on its face. Therefore, it will not be considered. *State v. Pam,* 1 Wn. App. 723, 463 P.2d 200 (1969); *State v.*

*Gregory,* 73 Wn.2d 537, 439 P.2d 400 (1968); *State v. Orange,* 78 Wn.2d 571, 575, 478 P.2d 220 (1970).

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.