[No. 10126-9-I.   Division One.   March 29, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. ISAAC LEE PAM, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Joanne Maida, Deputy,* for appellant.

*Mark Leemon* and *Rosemary Bordlemay* of *Seattle–King County Public Defender Association,* for respondent.

SWANSON, J.—The State appeals the dismissal at a pretrial hearing of a habitual criminal charge against Isaac Lee Pam.

On May 16, 1980, Isaac Lee Pam was convicted of first degree robbery and second degree assault. *State v. Pam,* 30 Wn. App. 471, 635 P.2d 766 (1981). The State then filed a supplemental information charging Pam as a habitual criminal. The information contained three counts alleging prior convictions: count 1 for a guilty plea in 1969 to first degree forgery; count 2 for a guilty plea in 1974 to violation of the Uniform Controlled Substances Act; and count 3 for a 1968 jury conviction for robbery, *State v. Pam,* 1 Wn. App. 723, 463 P.2d 200 (1969), *review denied,* 77 Wn.2d 963, *cert. denied,* 400 U.S. 945, 27 L. Ed. 2d 250, 91 S. Ct. 249 (1970).

Pam challenged the present use of the two guilty pleas. At a pretrial hearing on April 28, 1980, Pam moved to dismiss the counts based on these guilty pleas. The State called Pam's prior attorneys as witnesses. Both attorneys and Pam's trial counsel asserted Pam's attorney–client privilege in refusing to answer questions about the advisement of Pam's constitutional rights when he pleaded guilty. The trial judge allowed the assertion of the privilege to allow appellate review. The State conceded it could not prove Pam had been advised of the maximum punishment

possible for the forgery charge without testimony from Pam's former attorney.

Even without testimony from Pam's former attorney on the 1974 drug charge, the State tried to prove that the guilty plea was constitutionally valid. At the pretrial hearing, the State presented evidence that a police detective read Pam his *Miranda* rights 23 days before he pleaded guilty. The State also showed Pam had been advised of his right to remain silent on his 1969 guilty plea. However, the judge at the pretrial hearing found this evidence was insufficient to show Pam validly waived his right to remain silent at trial when he pleaded guilty. Finding the practical effect of these evidentiary rulings would terminate the habitual criminal proceeding pending appellate review, the judge dismissed the habitual criminal charge.

Initially, Pam asserts that the State failed to preserve its right to appeal the dismissal of the habitual criminal charge. We disagree. The pretrial order suppressing evidence allegedly covered by the attorney–client privilege expressly found that the order's practical effect terminated the case. RAP 2.2(b)(2). The State also appealed from the only order entered by the judge at the pretrial hearing, which suppressed evidence and dismissed the charge. Therefore, Pam's reliance on *State v. Fortun,* 94 Wn.2d 754, 626 P.2d 504 (1980), is misplaced because the State in *Fortun* abandoned its appeal of a dismissal order while continuing its appeal of a suppression order so that the State's appeal was dismissed.

The State contends that the attorney–client privilege does not protect communications between attorney and client made during the advisement of the consequences of a guilty plea when the client challenges the present use of a guilty plea at a habitual criminal proceeding because the accused allegedly was not apprised of the nature of or consequences of pleading guilty. Once the accused challenges the present use of a prior guilty plea at a habitual criminal proceeding, the State has the burden of proving beyond a reasonable doubt that the accused was apprised of the

nature of and consequences of pleading guilty to the offense. *State v. Holsworth*, 93 Wn.2d 148, 160, 607 P.2d 845 (1980). For pleas such as Pam's two pleas entered before September 1976, the State may use extrinsic evidence. *Holsworth*, at 160.

■ The attorney–client privilege is not absolute, and the client as holder of the privilege can waive it. *State ex rel. Sowers v. Olwell*, 64 Wn.2d 828, 833, 394 P.2d 681, 16 A.L.R.3d 1021 (1964). When Pam solemnly stated that he voluntarily and freely pleaded guilty with knowledge of the consequences, Pam waived any privilege about the advisement by his attorneys of the rights which he gave up by pleading guilty. *See United States v. Woodall*, 438 F.2d 1317, 1322 (5th Cir. 1970) (en banc), *cert. denied*, 403 U.S. 933, 29 L. Ed. 2d 712, 91 S. Ct. 2262 (1971); *Pruitt v. Peyton*, 243 F. Supp. 907, 909 (E.D. Va. 1965) (dicta); *Lewis v. State*, 565 P.2d 846, 850 n.4 (Alaska 1977); *State v. Lawonn*, 113 Ariz. 113, 547 P.2d 467, 468 (1976); *Morse v. People*, 180 Colo. 49, 501 P.2d 1328, 1331 (1972); *Roberts v. Greenway*, 233 Ga. 473, 211 S.E.2d 764, 766–67 (1975); *State v. Bastedo*, 253 Iowa 103, 111 N.W.2d 255, 260 (1961); *Lodermeier v. State*, 292 N.W.2d 798 (S.D. 1980). *But see In re Guilty Plea Cases*, 395 Mich. 96, 235 N.W.2d 132, 141 (1975), *cert. denied*, 429 U.S. 1108, 51 L. Ed. 2d 561, 97 S. Ct. 1142 (1977). Pam's prior attorneys also represented in court that Pam understood what he did by pleading guilty. Now that Pam has challenged the State's ability to prove what he and his attorneys formerly solemnly represented in court to be true, he may not use the attorney–client privilege as a shield. As the Fifth Circuit Court of Appeals eloquently and logically explained:

Courts earnestly pursuing reality would be hard put to justify a rule that would allow a defendant . . . to assert that his solemn pleas of guilty were negated for lack of accurate information of sentence consequences, then permit him to run a procedural trap play that would block the development of the plain truth which shows his own attorney told him exactly what he could expect. Not only does this specious sophistry fail to protect confidential

relationships, it trifles with the truth—it scoffs at justice—and we reject it flatly.

*United States v. Woodall, supra* at 1326. We agree with this view.

The order suppressing the evidence and dismissing the charge is reversed. The case is remanded for trial.[1]

ANDERSEN, C.J., and WILLIAMS, J., concur.

Reconsideration denied May 12, 1982.

Review by Supreme Court pending December 15, 1982.

---

[1]Because of our disposition of the attorney–client privilege claim, we do not reach the State's contention that it offered sufficient evidence that Pam's 1974 guilty plea was made intelligently and voluntarily with knowledge of the consequences. On remand, the trial court should consider the guilty pleas in light of the standards established by our recent decisions in *State v. Chervenell,* 28 Wn. App. 805, 626 P.2d 530 (1981), and *State v. Warriner,* 30 Wn. App. 482, 635 P.2d 755 (1981).