The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

**Robert David SICKICH, Defendant–Appellant.**

No. 95CA1031.

Colorado Court of Appeals, Div. I.

July 11, 1996.

Rehearing Denied Aug. 8, 1996.

Certiorari Denied April 7, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Farry, Cain & Lane, Edward T. Farry, Jr., Colorado Springs, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Robert David Sickich, appeals the trial court's denial of his Crim.P. 35(c) motion to vacate the judgment and permit him to withdraw his guilty plea to murder. We affirm.

During the execution of a warrant at his home, defendant shot and killed a deputy sheriff. In the ensuing gun battle with other law enforcement officers, defendant suffered wounds that rendered him paraplegic. Thereafter, he was housed in the jail infirmary.

Following a preliminary hearing, defendant agreed to plead guilty to first degree murder in return for dismissal of the remaining charges and a stipulated sentence to life imprisonment. Approximately 24 hours before entering his guilty plea, defendant underwent a surgical procedure, necessitated by his paralysis, which resulted in his ingesting medication for pain. The providency hearing was held as scheduled in the jail infirmary, and defendant entered his guilty plea from his hospital bed. He subsequently sought to withdraw his guilty plea, alleging that it had been obtained in violation of his constitutional rights.

## I.

Defendant first contends that the trial court erred in denying his motion to withdraw his guilty plea because his lack of understanding of the elements of the offense rendered his plea involuntary. Citing *People v. Cumby*, 178 Colo. 31, 495 P.2d 223 (1972), defendant argues that the trial court's failure to explain the elements of the offense of first degree murder beyond the wording of the information was an insufficient explanation. We are not persuaded.

■ Because a plea of guilty effects a waiver of fundamental rights, to be valid it must be knowingly, intelligently, and voluntarily made. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *People v. Pozo,* 746 P.2d 523 (Colo.1987).

Although a defendant may have such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt, it is appropriate to presume in most cases that defense counsel routinely explains the nature of the offense in sufficient detail. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *People v. Drake,* 785 P.2d 1257 (Colo.1990).

■ In a Crim.P. 35(c) proceeding, the legality of the judgment and the regularity of the proceedings leading up to the judgment are presumed, and the burden is upon the applicant to establish by a preponderance of the evidence the allegations of his motion. *Kailey v. State Department of Corrections,* 807 P.2d 563 (Colo.1991).

■ We conclude that defendant's reliance on *People v. Cumby, supra,* is misplaced. In *Cumby,* the explanation of the charge against the defendant was limited solely to the wording of the information, as read aloud by the trial court. In contrast, the record before us contains defendant's signed plea agreement acknowledging that he had fully discussed the plea with his attorney, had "gone over" the elements of the offense, and understood "in detail how each crime is defined." The plea agreement also contained defense counsel's certification that defendant had been fully advised of the facts and the law.

Further, at the time the plea was entered, defense counsel stated for the record that both attorneys representing defendant had discussed the proposed agreement at length with him, and defendant confirmed to the court that he understood the elements of the offense.

Finally, at the Crim.P. 35(c) hearing, defendant's previous counsel testified that the elements of the offense had been reviewed with defendant more than once, "word for word," and that he believed that defendant understood.

Because the record thus amply supports the trial court's conclusion that defendant had been advised adequately as to the elements of the offense, we perceive no error.

## II.

■ Defendant also contends that the trial court erred in denying his motion to withdraw his guilty plea because cognitive impairment rendered his plea unknowing and, thus, involuntary. Again, we are not persuaded.

Defendant presented the testimony of a practicing psychologist who opined that there was a probability that defendant had entered his guilty plea while so cognitively impaired by pain, medication, stress, and depression that he was unable to reason, concentrate, or exercise judgment effectively. Defendant's expert based his opinion on a review of defendant's medical records, on psychological tests, and on an interview of defendant conducted approximately two years after his guilty plea.

This testimony was contradicted by the testimony of several medical personnel, including those who had provided treatment to defendant at the time of his guilty plea. These witnesses testified that neither the medication, the pain associated with defendant's surgery, nor defendant's emotional condition was such as to have significantly impaired his cognition. Further, the nurse who cared for defendant for several months before and after his surgery, and who was present in the infirmary during the providency hearing, testified that he noted nothing that caused him concern regarding defendant's cognitive abilities.

Defense counsel also testified that, while he was concerned with defendant's physical condition during the providency hearing, it was his conclusion that defendant understood the proceedings and understood the decision he was making.

Moreover, the record of the providency hearing contains no indication that defendant was unable to comprehend and respond fully throughout the proceeding. Indeed, at one point defendant corrected the court when it misread his signature. In addition, in re-

sponse to the court's question whether he was then under the influence of any medication that could influence his decision to plead guilty, defendant replied in the negative.

■ In a Crim.P. 35(c) proceeding, it is within the province of the trial court, as trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony. If the evidence supports the findings and judgment of the trial court, they will not be disturbed on review. *Kailey v. Department of Corrections, supra.*

Here, the totality of the evidence presented on this issue supports the trial court's conclusion that, at the time defendant entered his guilty plea, he was competent to do so. *See People v. Lewis,* 849 P.2d 855 (Colo. App.1992) (totality of evidence indicated that defendant who had consumed alcohol immediately before the providency hearing was competent to enter a guilty plea). Thus, we perceive no error.

### III.

Finally, defendant contends that, inasmuch as he had not waived his attorney-client privilege, the trial court erred in admitting the testimony of his former counsel. We disagree.

An attorney may not be examined without the consent of his or her client as to any communication made by the client to the attorney or advice given by the attorney in the course of professional employment. Section 13–90–107(1)(b), C.R.S. (1987 Repl.Vol. 6A).

■ However, the attorney-client privilege is not an absolute privilege and may be waived by the client. Any waiver must be demonstrated by evidence that the client, by words or conduct, has expressly or impliedly forsaken his or her claim of confidentiality with respect to the information in question and, thus, has consented to its disclosure. The burden of establishing a waiver rests with the party seeking it. *Mountain States Telephone & Telegraph Co. v. DiFede,* 780 P.2d 533 (Colo.1989).

Here, defendant asserted in his post-conviction claim that his guilty plea was not knowingly made. In addition to allegations that he had not been fully advised of his rights prior to their waiver, defendant specifically alleged that his physical and mental condition at the time of his guilty plea rendered him incompetent to proceed. These claims are contradicted by the written plea agreement, signed by defense counsel, certifying that defendant had been fully advised and, further, asserting counsel's belief that defendant did not exhibit any physical or mental condition that would affect his understanding of the proceedings or ability to make an informed decision and that the plea was being entered into freely and with full understanding.

■ Hence, because defendant put in issue what advice he did or did not receive from counsel, as well as his own understanding of the proceedings, he waived the attorney-client privilege with respect to his discussions with counsel on these topics. *See United States v. Woodall,* 438 F.2d 1317 (5th Cir. 1970), *cert. denied,* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971)(defendant who challenged guilty pleas as not knowingly or intelligently made waived attorney-client privilege); *Lewis v. State,* 565 P.2d 846, 850 n. 4 (Alaska 1977) ("Lewis waived the privilege with respect to his discussions with [counsel] by filing the motion which on its face put in issue what advice he did or did not receive from [counsel]."); *State v. Pam,* 31 Wash.App. 692, 695, 644 P.2d 722, 723 (1982), *rev'd on other grounds,* 101 Wash.2d 507, 680 P.2d 762 (1984)("When Pam solemnly stated that he voluntarily and freely pleaded guilty with knowledge of the consequences, Pam waived any privilege about the advisement by his attorneys of the rights which he gave up by pleading guilty."). Specifically, defendant waived any privilege with respect to communications with counsel regarding his understanding of the charges, culpable mental state, the plea agreement, and his condition at the time of the plea agreement, all of which were relevant to determine the validity of defendant's claim that his plea was not knowingly and voluntarily entered.

As to defendant's specific claim that his physical and mental condition at the providency hearing rendered his plea involuntary, defense counsel's testimony was limited to his observations of defendant's condition at the time of his guilty plea and to confirm what was stated in the written agreement. *See People v. Williamson*, 839 P.2d 519 (Colo.App.1992) (attorney-client privilege does not apply when information elicited is not of a confidential nature). Counsel's testimony, therefore, did not go beyond the limits of defendant's waiver.

The order is affirmed.

METZGER and JONES, JJ., concur.