The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

George C. McDANIEL, Defendant–Appellant.

No. 01CA2060.

Colorado Court of Appeals, Div. V.

March 13, 2003.

Certiorari Denied Aug. 18, 2003.

Ken Salazar, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Stefani Goldin, Loveland, CO, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, George C. McDaniel, appeals the trial court's order on remand finding that he validly waived his right to testify. We affirm.

Following trial, a jury found defendant guilty of first degree murder. The court sentenced him to life in prison without parole.

On appeal, a division of this court concluded that the trial court's advisement pursuant to *People v. Curtis,* 681 P.2d 504 (Colo.1984), was deficient because it did not advise defendant that any felony convictions he had sustained could be used only for impeachment. The division remanded the case for an evidentiary hearing in accordance with *People v. Blehm,* 983 P.2d 779 (Colo.1999), to determine whether this omission affected the validity of his waiver. *See People v. McDaniel,* (Colo.App. No. 96CA1314, July 29, 1999)(not published pursuant to C.A.R. 35(f)).

Following the hearing, the trial court found that defendant's waiver of his right to testify was knowing, voluntary, and intelligent despite the omission. This appeal followed.

■ Defendant contends he was not sufficiently advised of the salient consequences of exercising his fundamental constitutional right to testify and therefore his waiver was not voluntary, knowing, and intelligent. We disagree.

■ A defendant in a criminal case has the constitutional right to testify in his or her own defense. Thus, any waiver of the right to testify must be voluntary, knowing, and intelligent. In determining the validity of the waiver, courts indulge every reasonable presumption against waiver. *People v. Curtis, supra.*

■ As pertinent here, a defendant must be advised that any felony convictions he or she has sustained may be used only to im-

peach credibility. *People v. Deskins*, 927 P.2d 368 (Colo.1996); *People v. Gray*, 920 P.2d 787 (Colo.1996); *People v. Chavez*, 853 P.2d 1149 (Colo.1993).

■ Upon a claim of deficient advisement, the defendant is entitled to an evidentiary hearing in postconviction proceedings at which the prosecution bears the burden of proving that the right to testify was in fact knowingly, voluntarily, and intelligently waived. The inquiry should focus upon whether the defendant was aware of: (1) the fact that he or she had the right to testify; (2) the consequences of testifying; and (3) the fact that he or she could testify notwithstanding the contrary advice of counsel. If the trial court determines that the waiver was invalid, then the defendant is entitled to a new trial. *People v. Blehm, supra.*

Here, as pertinent concerning the omitted *Curtis* element, at trial the court expressed its understanding that defendant had no felony convictions. The prosecutor agreed with the court's assessment, defendant and defense counsel remained silent, and the court gave no further advisement on the effect of a felony conviction. When the court completed its advisement, defendant declined to testify. The court found that defendant's decision was knowing, voluntary, and intelligent.

That afternoon, during an off-the-record conference at which defendant was present, the issue of defendant's prior criminal history arose. The prosecutor stated that, even if defendant had a prior felony conviction, she would not use it. At the close of the day's proceedings, the court again queried defendant concerning his choice not to testify. Defendant reaffirmed his decision.

The next morning, before the defense rested, defense counsel informed the court of his understanding that defendant had a prior, out-of-state felony conviction. Defense counsel further stated that the existence of the conviction "did not change anything" and that defendant was still not going to testify. The prosecutor reaffirmed her promise not to use the conviction for any purpose.

Following this court's remand, the trial court found, with record support, that the prosecutor had made a formal, on-the-record promise not to use defendant's prior conviction for any purpose. The court stated that it would have enforced that promise as a matter of due process. Hence, defendant was aware that he could testify and would not be confronted with his prior felony conviction.

In addition, while acknowledging that defendant did not have the burden to prove an invalid waiver, the court noted that defendant had not testified at the remand hearing, and it took that factor into account. It also noted defense counsel's testimony that he had discussed the possible consequences of the felony conviction with defendant, notwithstanding the prosecution's promise. Finally, it noted that defendant could have changed his mind about testifying at any time before counsel rested the defense case and he was advised of that option, but he did not do so.

Based on its findings, the court ruled that the failure to advise defendant concerning the use of a prior felony conviction did not prevent him from making a knowing, voluntary, and intelligent waiver. The court also concluded that any error was harmless.

The record supports the court's findings, and we will therefore not disturb them. *See Kailey v. Colo. State Dep't of Corr.*, 807 P.2d 563 (Colo.1991); *People v. Sickich*, 935 P.2d 70 (Colo.App.1996)(it is within the province of the trial court, as trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony; if the evidence supports the findings and judgment of the trial court, they will not be disturbed on review).

Here, defendant was fully advised and acknowledged his understanding of all the *Curtis* elements, except the element that a prior felony conviction could be used only to impeach his credibility. However, because of the prosecutor's promise not to use defendant's prior conviction and the court's intent to enforce the promise, there was no possibility the previous conviction could have been used. Therefore, because no adverse consequences could arise from the felony conviction, defendant was not left to speculate, nor was he misled, as to the consequences of

testifying. Hence, defendant was fully aware of the relevant consequences of testifying.

■ For the same reasons, we reject defendant's alternative contention that a defect in a *Curtis* advisement renders a waiver ineffective as a matter of law. A deficient advisement does not, ipso facto, render such a waiver invalid. *See People v. Blehm, supra.* Indeed, in *Blehm* the court remanded one case for a hearing under Crim. P. 35 even though the court found the advisement there was defective. Had the court intended to hold that a defect makes a waiver ineffective as a matter of law, there would have been no need for a remand in that case.

We therefore necessarily reject defendant's related assertion that "the only cure for a defective advisement is evidence that the defendant was in fact advised of the missing element." When, as here, the "missing element" is irrelevant, and the balance of the advisement is correct, a waiver without that element is nevertheless voluntary, knowing, and intelligent.

Defendant argues that this analysis requires us to speculate whether he would have chosen to testify, in violation of the warning to avoid such speculation in *People v. Milton,* 864 P.2d 1097 (Colo.1993). He asserts that no court can know whether a defendant would have testified absent a complete and accurate *Curtis* advisement. We disagree.

We are not speculating or deciding whether, had he been advised concerning the use of the felony conviction, defendant would have testified. We are merely concluding that defendant was aware of the salient consequences of testifying in his case.

Thus, the court did not err in finding that defendant's waiver was knowing, voluntary, and intelligent, and there was no violation of defendant's constitutional right to testify.

In view of this disposition, we need not address defendant's contention that waiver of

the fundamental constitutional right to testify cannot be subject to harmless error analysis.

The order is affirmed.

Judge NIETO and Judge METZGER,* concur.